## MARY ELLEN WHITE *et al.*

### *v.*

### JOSEPH O. GLOVER.

.1.  WILL—*trustee—trust—property—sale of, in lieu of dower.* Where a testator, by his will, devises all his property to a trustee, to pay debts, to set off to his wife her share of the estate under the laws of the State, and to hold the remainder in trust for his children, and with power to sell and convey the same and invest the proceeds for the support of his children, and to convey the same, or the proceeds thereof, to them when they

should become twenty-one years of age: *Held*, that the will conferred ample power to sell and convey real estate, and a conveyance of a portion to the widow in lieu of her dower and all claim on the estate, and it will be presumed, in the absence of fraud, to be for the best interest of the estate, and was within the power conferred by the will.

2. DECREE. A decree of a court of equity licensing such a conveyance, although made without having jurisdiction, would not affect or abridge the power conferred by the will. And it is doubted whether a court of equity can convert a life estate into a fee, but the want of such power did not affect the deed executed under the will.

·3. EQUITY—*infants*. The rights of infants will always be guarded by a court of equity, and whenever invaded or endangered, a remedy will be applied.

4. TRUSTEE—*sale of trust property*. A trustee may either sell the trust property at auction or private sale, unless the manner of doing so shall be prescribed in the instrument conferring the power.

5. SAME—*interest of trustee*. In this case the trustee was invested with a power coupled with an interest, as he was authorized to sell the lands and to hold and possess them for the purpose of the trust.

APPEAL from the Circuit Court of LaSalle county; the Hon. EDWIN S. LELAND, Judge, presiding.

This was a suit in equity, brought by Mary Ellen White, Matthew White, Henry C. Monroe and Charles Monroe, in the circuit court of LaSalle county, against Joseph O. Glover and a number of other persons, for the purpose of reviewing, reversing and setting aside a decree of that court rendered at the June term, 1866, on a bill filed by the complainant in this case, so far as it authorized the conveyance of eighty acres of land to Adeline Head in lieu of her dower and interest in the estate of her deceased husband, James Monroe, and to set aside and cancel the deed.

The bill sets out the will, and alleges that Glover made the conveyance to Mrs. Head, who had, subsequent to the death of her husband, intermarried with Samuel D. Head.

The defendants filed a demurrer to the bill, which the court sustained and dismissed the bill, from which an appeal is prosecuted to this court.

Mr. FRANK J. CRAWFORD, and Messrs. STIPP, BOWEN & SHEPHERD, for the appellants.

Mr. J. B. RICE, and Mr. B. C. COOK, for the appellee.

Mr. JUSTICE THORNTON delivered the opinion of the Court:

Appellants filed their bill in the circuit court to review and set aside a decree, and for other relief.

The facts are, that the ancestor of appellants, in the year 1853, made his will and devised all his estate to Joseph O. Glover, in trust, first, to pay his debts; second, to set off and pay to his wife such share of the estate as she was entitled to by the laws of the State; third, to hold the remainder in trust for his children; and the trustee and executor was empowered to control and manage the estate; to sell and convey all real and personal property; to execute conveyances therefor; to invest the proceeds for the benefit of the children, as the trustee should deem best; to use such portion as was necessary for their support and education; and generally to use the same for the best interests of the children during minority; and in trust further, that the trustee should convey the property, or the proceeds thereof, to the children, when they should attain the age of twenty-one years.

The property devised consisted of two hundred and forty acres of land, four town lots, one of which was improved, and about $7000 worth of personal property.

Monroe died in 1856, and the will was duly proven, and letters granted to Glover, who accepted the trust, and collected over $7000, which he paid out for the benefit of the estate. So far as we can ascertain from the account filed by the trustee, only a small portion of this amount was paid towards the debts of the testator. Some real estate was purchased by the trustee to secure a debt, and over $500 was paid out of the trust fund, to secure the title.

In 1866, one of the children arrived at the age of twenty-one years, and exhibited her bill against the widow, minor children and Glover, praying for the assignment to her of her

462      WHITE *et al. v.* GLOVER.      [Sept. T.,

Opinion of the Court.

part of the estate, and the allotment of dower to the widow; and that in lieu of dower, eighty acres of land be conveyed to her in fee.

Glover consented to the relief prayed for, but invoked the aid of the court in the premises.

The court rendered a decree in accordance with the prayer, and Glover executed a deed to the widow, in which he recites that he conveyed the property, as executor and by virtue of the power in the will contained, and in obedience to the decree.

The title to this eighty acres has passed to other parties, and the object of the present bill is a reversal of the decree and cancellation of the deed made by the executor. If the executor had power to convey, and the conveyance in question was a proper exercise of the power, then the deed is valid, notwithstanding the decree.

The invocation of the advice and aid of the court would not invalidate the subsequent rightful action on the part of the executor, even if the court had no jurisdiction. It was a prudent course to pursue, and a trustee should never be the subject of criticism on account of his application to the chancellor for advice in the discharge of his delicate duties.

As we shall look only to the will to determine the validity of the deed, we shall not advert to the other questions presented in the argument of counsel.

If the trustee has been unfaithful; if there has been collusion between him and others to deprive the infants of their property,—of which it may be proper to remark there is no proof in this record,—they have ample remedy. They may make application for his removal, and may compel him to account for the manner in which he has discharged the trust.

Was the execution of the deed in pursuance of the power granted?

It is assumed that the deed shows upon its face that it was executed solely in obedience to the decree of the court. We can not so read it.

It is true, that the deed makes reference to the decree, but it recites expressly that it was made "by virtue of the power in said will contained." Leave out all allusion to the decree, contained in the deed, and it is a complete execution of the power in the will.

It is matter of grave doubt, whether a court can, under any circumstances, convert a life estate into a fee. The will, however, gave ample power to sell and convey. We must, therefore, view the act of the trustee as the result of an unquestioned, and not a doubtful, power.

The position is correct, that, in determining the character of the power granted, we must ascertain the intention of the testator, but this must be collected from the whole will.

The direction in the will that the wife should have her legal share of the property, affords no aid in determining the nature and extent of the power given to the executor to sell and convey.

The testator evidently intended that his widow should take her dower under the statute, but this was no limitation of the power to sell, either to her or to any other person.

A conveyance to her, in satisfaction of dower, without fraud on the part of the trustee and without injury to his *cestui que trust*, ought not to be set aside for that reason only.

In this case no fraud is charged in the bill, and it does not appear that the infants have been injured, or improperly deprived of their estate. Their rights will always be guarded by a court of chancery, and whenever they are invaded or endangered, a remedy will be applied.

But the widow was entitled, under the law, to one-third of the real estate for life, and to certain specific articles of property, without any regard to the payment of the debts, and to one-third of the personalty, after the payment of the debts. The amount of the indebtedness of the testator was not large; the children were young; and we infer that the widow had a reasonably long lease of life.

464      WHITE *et al. v.* GLOVER.      [Sept. T.,

Opinion of the Court.

In view of these facts, and of the quantity of property belonging to the estate—of all of which the trustee had full knowledge—we can not conclude that the rights of the infants were prejudiced, or that they were unjustly bereaved of their property. On the contrary, it is fair to presume that the arrangement was the best for their interests, and made the remainder of the estate more valuable.

The deed was made in full satisfaction of all right of dower, and of all claims against the estate or the infants.

The argument that there was no sale, has no force. In the absence of express directions, the trustee may sell, either by public auction or by private contract, as may be most advantageous to the trust estate. He may convey in satisfaction of a debt, or sell for cash and pay the debt. If the conveyance in this case, as may be fairly assumed, was for a valid and legal consideration, and the estate was thereby protected and benefited, then the effect is the same as in a formal sale.

The language of the will in this case is entirely different from the language in the cases cited, of *Waldron* v. *McComb*, 1 Hill, 111, *Bloome* v. *Waldron*, 3 Hill, 361, and *McComb* v. *Waldron*, 7 Hill, 335.

They were all with reference to the construction of the same will. The words were, "To sell and convey * * my real estate—the moneys from all such sales to be vested and secured in such manner as Aaron Burr shall direct."

The court decided that the power was a naked one, and that, substantially, the direction was to sell for cash or its equivalent—something which may be invested.

In the case at bar, the power is coupled with an interest. The trustee has not only the legal title—the power to sell and convey, execute deeds and invest the proceeds—but to control and manage the estate, and use it for the support and education of the children, as the trustee should deem best.

The fee was not only vested in the trustee, but he was specially directed to apply and appropriate the proceeds of the land, in a different manner from that made by law.

In *Bergen* v. *Bennet*, 1 Caines Cas. Err. 15, Chancellor KENT said : " If a man devises his land to his executors to be sold, then there is a power coupled with an interest, for the executors take possession of the land and of the profits."

Where the property is devised to one person in trust for another, and the testator has imposed upon the trustee certain duties, the performance of which requires that the estate should be vested in him, then the legal ownership passes to the devisee.

In this case the executor took the legal estate, so that he might control and manage it, sell and convey and apply the proceeds, command the possession and income, and maintain and educate the children. He has a large discretion, and without it the will can not be carried into effect. Having accepted the trust and taken the fee, the executor had full power to sell, and his deed is valid. *Clinefelter* v. *Ayres*, 16 Ill. 329 ; 2 Jar. Wills, 199 et seq ; *Gregory* v. *Henderson*, 4 Taunt. 772; *Oates* v. *Cooke*, 3 Burr. 1684.

The distinction taken by counsel, between a power mandatory and discretionary, has been discarded by this court, as well as by the current of authorities. *Wardwell* v. *McDowell*, 31 Ill. 364.

The decree of the court below is affirmed.

*Decree affirmed.*