ALBERT L. SERCOMB

v.

CHARLES CATLIN.

*Practice—Appeal and Error—Contempt Proceedings—Order—Whether Final.*

An order finding a party guilty of contempt of court, and directing him to dismiss a suit of a corporation of which he is an agent, or show cause

why he should not be punished for failing to comply with the order, is merely interlocutory and not final for purposes of review on appeal or error.

[Opinion filed January 11, 1888.]

In error to the Superior Court of Cook County; the Hon. Egbert Jamison, Judge, presiding.

On April 14, 1887, an order was entered by the Superior Court in the case of Ada S. Havens et al. v. Caleb Clapp and Thomas Davies, appointing defendant in error receiver of the estate and property, real and personal, things in action, etc., of the said Clapp & Davies, and on the same day, pursuant to the order appointing the receiver, said Clapp & Davies executed a deed of transfer of all their property and effects to said defendant in error as receiver.

On May 31, 1887, defendant in error filed his petition in the Superior Court, setting out his appointment as receiver, that he had duly notified one Newton, of Washington, D. C., of his appointment as such receiver, immediately upon the making of such appointment by the court; that prior to his said appointment said Clapp & Davies had consigned to said Newton certain jewelry and silverware, to be disposed of by him for their benefit, the amount of which was over $300, and that no part of said goods had been paid for or returned to said Clapp & Davies, or to petitioner as receiver; that the Meriden Britannia Company, a corporation organized under the laws of Connecticut, has a branch office in the City of Chicago, and that the manager of said company is one Albert L. Sercomb, and that said Sercomb had full knowledge of the appointment of petitioner as receiver, but that, notwithstanding such knowledge, said Sercomb, on the 18th day of May, sued out, on behalf of the said Meriden Britannia Company, an attachment in the Supreme Court of the District of Columbia, which attachment is for an indebtedness alleged to be due said company from Caleb Clapp and Thomas Davies; that said Sercomb, as manager of said company, caused the property to which petitioner is entitled as receiver, and which is in the possession or custody of said Newton, to be attached. Peti-

tioner prays for an order on said Sercomb, as manager of said Meriden Britannia Company, to show cause why he should not be attached for contempt of the court in interfering with the receiver and the property of which he is entitled as an officer of the court.

Plaintiff in error demurred to the petition, and the demurrer was overruled by the court, and plaintiff in error electing to stand by his demurrer, the court entered an order that the petition stand as confessed, and further "ordered and adjudged that the said Albert L. Sercomb is guilty of a wilful contempt of this court in interfering with the said receiver, and the property and effects, to the possession of which said receiver is and was entitled at the time of said interference, and that the said Sercomb do purge himself of such contempt on or before ten o'clock A. M. of Friday, June the 24th, A. D. 1887, by discontinuing and dismissing the certain attachment suit instituted by the said Albert L. Sercomb on or about the 18th day of May, 1887, as manager for and on behalf of the Meriden Britannia Company, in the Supreme Court of the District of Columbia against said Caleb Clapp and Thomas Davies, and which attachment suit is more particularly referred to in said petition by said receiver hereinbefore mentioned, and is the interference with said receiver, and the property and effects, to the possession of which said receiver is entitled, hereinbefore referred to. And it is further ordered and adjudged that the said Albert L. Sercomb present to this court, on or before ten o'clock A. M. of Friday, June the 24th, 1887, proof of the fact that he has complied with this order and dismissed said attachment suit; and in default of the said Sercomb complying with the said order and dismissing said attachment suit, it is further ordered and adjudged, that he show cause by ten o'clock A. M. on Saturday, the 25th day of June, 1887, why he should not be punished for having failed to purge himself of said contempt by dismissing said attachment proceedings as aforesaid."

The case in the Supreme Court of the District of Columbia was "The Meriden Britannia Company v. Clapp & Davies." From said order an appeal was prayed which was

Sercomb v. Catlin.

denied by the court, and thereupon said Sercomb caused a writ of error to be issued from this court, and the same was by order of the court made a *supersedeas.*

Messrs. Flower, Remy & Holstein, for plaintiff in error.

Messrs. Kraus, Mayer & Stein, for defendant in error.

Moran, P. J.    A motion to dismiss the writ of error on the ground that the order of the Superior Court was not a final order was made in apt time and continued to the hearing, and now comes up for decision.

We have reached the conclusion that the motion must be granted.    The order, so far as it directs the dismissal of the attachment suit of the Meriden Britannia Company v. Clapp & Davies, can not be regarded as disposing of the rights of the parties, for the party who has rights in that suit is in no way a party to the order.

The attachment suit is not the suit of Sercomb, but of the Britannia Company, and the company's rights can not be said to be affected, or disposed of finally or otherwise, by the order entered in a proceeding to which it was not made a party and which does not purport to bind or direct the corporation in any manner.

That compliance with the order of the court by Sercomb might deprive the company of the attachment lien, is true, but it is also true that as the record stands it is in the power of the company to prevent the dismissal of the suit, and render the order of the court in that regard futile.

As the object of the proceeding evidently was to affect the interest of the corporation it should have been brought into the contempt proceedings in the court below.    The suggestion that a corporation can not be imprisoned for contempt furnishes no reason for attempting to deal with its property rights or interest in a proceeding where it is not a party, particularly where, as in this case, the corporation is within the jurisdiction for the purpose of service.    The law provides means for compelling obedience by corporations as well as by individ-

uals. The court may coerce natural persons in one way and artificial persons in another. But we can not on this appeal consider the rights of the corporation at all, and our judgment on the merits of the order would in no manner conclude the company.

Considering the order as relating to Sercomb and to his rights alone, it amounts to nothing more than a finding that he has been guilty of contempt of the court. There is no final judgment on this finding. He is directed to dismiss the suit of the company or show cause why he should not be punished for failing to do so. He may show ample cause, but if he shall not do so, yet it can not be said that there is any final judgment against him. There is no fine imposed, no imprisonment ordered. The judgment of the court on this contempt is as yet unspoken. The order is purely interlocutory and determines nothing finally as against the plaintiff in error. It is not, therefore, subject to review on error or appeal, and it follows that the writ of error must be dismissed.

*Writ dismissed.*