VESPASIAN WARNER, Testamentary Trustee, etc., Plaintiff
in Error, *vs.* MINNIE W. METTLER *et al.* Defendants
in Error.

*Opinion filed October 28, 1913—Rehearing denied Dec. 4, 1913.*

1. TRUSTS—*circuit court has general jurisdiction over trusts
and trustees.* The circuit court has general jurisdiction over trusts
and trustees, but it is only where some reasonable doubt exists as
to their powers and duties or the rights of the parties interested
that trustees are entitled to call on a court of equity for direction.

2. SAME—*trustee cannot come into a court of equity without
some reasonable ground therefor.* While a trustee is not required
to take any risk yet he must be honestly in doubt as to the proper
construction of the instrument under which he is acting, or as to
the disposition of the funds in his hands, or the course of action
that he ought to take in any particular case, in order to authorize
him to apply to equity for aid and direction.

3. SAME—*proper method of invoking jurisdiction of court of
equity is by a bill of complaint.* The proper method of invoking
the jurisdiction of a court of equity is by a bill of complaint set-
ting out a clear and orderly statement of the facts relied upon as
ground for relief and containing a proper prayer therefor, as par-
ties are only entitled to such relief as comes within the scope of
the bill, and the decree must conform to and be limited by prayer.

4. SAME—*when a report of the trustee should be stricken from
the files.* A so-called report of a testamentary trustee, not filed in
any pending proceeding or by any order of court but filed with-
out any reason appearing from the record, except that the court
is asked to approve a bill for attorney's fees for services rendered
the trustee in former litigation and direct payment thereof out of
the trust funds, there being no showing why such question should
not be submitted to some other tribunal or that there was any dis-
pute as to such fees, is properly stricken from the files.

WRIT OF ERROR to the Appellate Court for the Third
District;—heard in that court on appeal from the Circuit
Court of DeWitt county; the Hon. WILLIAM G. COCH-
RAN, Judge, presiding.

JOHN FULLER, for plaintiff in error.

UNDERWOOD & SMYSER, HERRICK & HERRICK, FRED BALL, and INGHAM & INGHAM, (ARTHUR W. UNDERWOOD, of counsel,) for defendants in error.

Mr. JUSTICE CARTER delivered the opinion of the court:

At the December term, 1911, of the circuit court of DeWitt county Vespasian Warner filed on the chancery side of said court a report as testamentary trustee of the estate of John Warner, deceased. On motion of defendants in error said report was stricken from the files. From this order an appeal was allowed to the Appellate Court for the Third District, where the order of the trial court was affirmed. The cause was then brought to this court on a petition for *certiorari*.

The report was not filed in any other suit or proceeding. It was entitled, "'In the matter of the estate of John Warner, deceased," and purported to give a general statement of the acts and doings of Vespasian Warner, as executor and trustee, since the death of John Warner, in 1905, referring, among other things, to the litigation between the widow of John Warner and some of the heirs over a bill to set aside an ante-nuptial agreement, (*Warner* v. *Warner,* 235 Ill. 448,) and a bill for partition of certain real estate, (*Mettler* v. *Warner,* 243 Ill. 600,) stating that a settlement had been had between the trustee and certain of the heirs up to March 1, 1910, and purporting to give an itemized statement of the receipts and disbursements by said trustee from that date to a date shortly before the filing of the report. The abstract filed in this court does not show that there was any request made in said report for any action on the part of the circuit court. A reference to the record shows that after setting out said statement of the alleged receipts and disbursements the trustee stated that his attorneys who represented him in litigation theretofore referred to in said report had presented to him a bill of $15,000 for their services, and prayed that the court

260 — 27

should allow and direct him to pay to his attorneys such sum as to the court might appear reasonable and proper, out of the trust funds. There is no request that any other action be taken as to the report, and no statement of any kind that there was a dispute over any item of receipt or disbursement shown in said report or over the fees to be allowed to said attorneys. It appears from the evidence in the record and from the briefs that the report was filed as the result of certain conversations and correspondence between the attorneys for the trustee and the attorneys for defendants in error in this proceeding. After the report was filed, December 11, 1911, a notice was served on defendants in error, on December 12, of the filing of such report. February 2, 1912, defendants in error, through their attorneys, filed objections to the report, first, on the ground that the court was without jurisdiction, in a proceeding of that kind, to approve the report; second, that if the court had such jurisdiction, certain items of the report were incorrect; third, objecting to the payment of the attorneys' fees requested, alleging that the trustee had already, as executor of the estate, requested in the county court of De-Witt county an allowance of fees for the same services, and that the fees were such as should be paid by Warner individually, and not by the estate; and fourth, because no vouchers were filed with the report. On the same day counsel for defendants in error moved to strike said report from the files.

Two questions are presented for our consideration: First, did the circuit court have jurisdiction to pass upon and approve the report of the testamentary trustee? And second, if it had such jurisdiction, was the report presented in such a manner that the court was required to take it up and consider it?

The circuit courts of this State have general equity jurisdiction over trust estates and trustees. (*Waterman* v. *Alden,* 144 Ill. 90.) Matters of trust and confidence are

cognizable in courts of equity. (2 Story's Eq. Jur.—13th ed.—sec. 961.) It is not in every matter of the kind cognizable at law that equitable jurisdiction will be exercised, the general rule being that a proper case is presented when the remedies at law are inadequate. (4 Pomeroy's Eq. Jur. sec. 1420.) Where there has been an adjustment of accounts between the trustee and *cestui que trust* and a promise by the former to pay the amount ascertained to be due, then there may be a suit at law to recover, but so long as the amount of the indebtedness is undecided and there is no promise by the trustee to pay, a court of equity has jurisdiction. (39 Cyc. 469, and cases cited.) Upon a bill in chancery the court can compel an accounting by the trustee. (*Weaver* v. *Fisher,* 110 Ill. 146.) The trustee must not only render a full account of his conduct at the time of final settlement, but it is his imperative duty to keep regular and accurate accounts while he is acting as trustee, of all the property coming into, passing out of or remaining in his hands. The accounts "should at all times be open to the inspection and produced at the demand of the beneficiary." (3 Pomeroy's Eq. Jur.—3d ed.—sec. 1063; 28 Am. & Eng. Ency. of Law,—2d ed.—1076.) Trustees must make reports at such times as the instrument under which they are acting requires or as the court may direct. (*Orr* v. *Yates,* 209 Ill. 222.) "A trustee cannot be expected to incur the least risk in the distribution of the trust fund. Therefore, where there is a mere shadow of doubt as to the rights of the parties, he may require a bond of indemnity. * * * If a third person makes a claim, or if he refuses to state whether he has a claim, where the trustee has a right to know, the trustee may bring such person before the court by bill, and if he claims improperly, or has improperly refused to answer, he will be charged with the costs. So where the equities are not perfectly clear the trustee may decline to act without the sanction of the court, and his costs and proper expenses will be allowed. * * * The

suit, in such case, may be instituted by the trustee himself asking for the direction of the court, or parties claiming to be the *cestuis que trust* may institute the suit against the trustee and others claiming to be the *cestuis que trust.*" (2 Perry on Trusts,—5th ed.—sec. 928.) "Wherever there is any *bona fide* doubt as to the true meaning and intent of the provisions of the instrument creating the trust or as to the particular course which he ought to pursue, the trustee is always entitled to maintain a suit in equity at the expense of the trust estate and obtain a judicial construction of the instrument and directions as to his own conduct." (3 Pomeroy's Eq. Jur. sec. 1064.) Courts of equity will not only compel the performance of the trust, but they "will assist the trustees and protect them in the due performance of the trust whenever they seek the aid and direction of the court as to the establishment, the management or the execution of it." (2 Story's Eq. Jur.—13th ed.—sec. 961.) The difficulties arising in the execution of a trust may make it eminently proper for the trustee "to apply to a court of equity for its aid and direction in the premises, and we have no doubt of the jurisdiction of a court of equity to afford the requisite relief." (*Whitman* v. *Fisher,* 74 Ill. 147; *Baker* v. *Bradsby,* 23 id. 582; 39 Cyc. 472.) As the trustee is not expected to incur the least risk, if the equities are not clear he should decline to act without the sanction of the court, and he will then be allowed his costs and expenses, but if he appeals to the court without reason he will be answerable in costs. (Lewin on Trusts,—1904 ed.— 413; see, also, *White* v. *Glover,* 59 Ill. 459; *Kingsbury* v. *Powers,* 131 id. 182; *Taylor* v. *Glanville,* 3 Madd. 176.) It is only where there is some reasonable doubt as to their powers or duties or as to the rights of the parties interested that the trustees are entitled to the court's direction. (28 Am. & Eng. Ency. of Law,—2d ed.—1052, and cases cited; 2 Beach on Trusts and Trustees, sec. 498.) The right to receive the aid and direction of a court of

equity does not extend to those propositions upon which the trustee is not required to act, "or where the events' which must control the rights of parties and the duties of the trustee have not transpired and are yet uncertain, or which should properly be submitted to some other tribunal, or which are so clear as to admit of no question." (*Griggs v. Veghte*, 47 N. J. Eq. 179.) The trustee has no right to come into a court of equity without some reasonable ground therefor. (*Cole v. Glover*, 16 Grant's Ch. 392; *Heald v. Heald*, 56 Md. 300; *Greeley v. Nashua*, 62 N. H. 166; *Lake View Manf. Co. v. Hannon*, 93 Ala. 87; *Bullard v. Attorney General*, 153 Mass. 249. See, also, *Welch v. Adams*, 152 Mass. 74; *In re Petition of Baptist Church*, 51 N. H. 424; *Crosby v. Mason*, 32 Conn. 482; *Fraser's Exr. v. Page*, 82 Ky. 73.) He must be honestly in doubt as to the proper construction of the instrument under which he is acting, or as to the disposition of the funds in his hands, or the course of action that he ought to take in any particular case, in order to authorize his application to a court of equity for aid and direction.

The trustee in his report set up no reason why the report was filed. So far as shown by that report in the abstract presented here by plaintiff in error it was filed without any purpose. Rule 14 of this court requires that the abstract shall fully present every error and exception relied upon. It is not the province of this court to search the record to find the reasons for sustaining the contentions of litigants. (*Rehfuss v. Hill*, 243 Ill. 140.) In this connection we deem it proper to say that, even though the record itself be relied upon, the report presented no reason for a court of equity to assume jurisdiction in this matter. Furthermore, by the great weight of authority, (unless there is a special statute on the question,) the proper and usual course to invoke the jurisdiction of equity in matters of this kind is by filing a formal bill of complaint. (22 Ency. of Pl. & Pr. 114.) "Whenever a case occurs which jus-

tifies the proceedings, trustees, by a bill setting forth the facts and joining the proper parties, may ask the court for instructions as to their duties under the circumstances under which they or the trust funds are placed." (2 Perry on Trusts,—5th ed.—sec. 476*a.*) By English statutes, as well as by statutes in some of the jurisdictions in this country, such proceedings may be started by a petition or a complaint for an accounting. (99 Stat. at Large, 22 and 23 Vict. 111; Lewin on Trusts, 413; 39 Cyc. 474.) We have no such statute in this State. Under the fourth section of our Chancery act the mode of commencing suits in chancery must be "by filing a bill of complaint with the clerk of the proper court, setting forth the nature of the complaint." (*Hodgen* v. *Guttery,* 58 Ill. 431; *Bishop* v. *Thompson,* 196 id. 206.) Parties are only entitled to such relief as comes within the scope of their bill. The decree must conform to and be limited by the prayer for relief. (*Ellis* v. *Sisson,* 96 Ill. 105; 39 Cyc. 477; 22 Ency. of Pl. & Pr. 103.) As we have seen, there is no prayer for relief of any kind found in the abstract of this report filed here. Moreover, if we look to the prayer found in the transcript of the record where an allowance of attorneys' fees is requested, that prayer would not permit a court of equity to pass on the question. There was no showing made why that question should not be submitted to some other tribunal or that there was any dispute as to the attorneys' fees. In order to justify a court of equity in acting in a matter of this kind, a bill or petition for an accounting should set forth enough to make clear the grounds upon which such jurisdiction was invoked. The bill should contain a clear and orderly statement of the facts relied upon as the ground for relief, in accordance with the general rules controlling equity proceedings. No such showing was made in this report.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*