**In the Matter of the Estate of John Robinson, Deceased.**
**Phebe J. Robinson, Appellant, v. W. T. Robinson, Appellee.**

1. Wills, § 323*—*what constitutes equitable conversion.* Under provisions of a will devising a life estate to the widow and directing her coexecutor to sell on the death of the widow and make distribution of the proceeds to named beneficiaries, there was an equitable conversion of the lands, and the provisions were bequests of personalty.

2. Wills, § 416*—*when executor takes fee simple title to lands.* Under a will giving a life estate in certain realty, with directions to the surviving executor to sell on the death of the widow, who was executrix, such surviving executor took title in fee to the lands mentioned in the trust, for the purpose of selling the fee-simple title after the death of the widow.

3. Wills, § 415*—*when power of executor to sell lands implied.* Although power to sell lands be not directly conferred by the express terms of the will, yet it will be implied, where it is the duty of the executor to make the sale and distribute the proceeds.

4. Executors and administrators, § 43*—*when persons occupy*

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

*dual capacity of executors and trustees.* Under a will devising a life estate to the widow, who was also executrix, with direction to the coexecutor to sell upon the widow's death and make distribution, a trust was imposed upon the executors and they occupied the dual capacity of executors and trustees.

5. EXECUTORS AND ADMINISTRATORS, § 550*—*when executors should be discharged.* Under a will devising a life estate to the widow, who was also executrix, with direction to the coexecutor to sell upon the widow's death and make distribution, the estate became settled after sale of the personalty and payment of the debts of the estate, and the acts of the executors as such ceased, and they should have been discharged as such, as in carrying out the remaining provisions of the will they would act as trustees and not as executors, and funds then in their hands were trust funds over which the Probate Court had no jurisdiction.

6. TRUSTS, § 236*—*what court has jurisidiction of testamentary trusts.* County Courts cannot administer on testamentary trusts, and if the *cestui que trust* desires an accounting, he has his remedy in equity.

Appeal from the Circuit Court of Shelby county; the Hon. JAMES C. McBRIDE, Judge, presiding in the Circuit Court; the Hon. A. J. STEIDLEY, Judge, presiding in the County Court. Heard in this court at the April term, 1918. Reversed and remanded with directions. Opinion filed April 29, 1919.

**Statement by the Court.** John Robinson died testate, leaving Phebe J. Robinson, appellant, his widow, and ten children, viz., William T. Robinson, Mary J. Miller, Annie Henry, John B. Robinson, James K. Robinson, Alice M. Forsythe, Clarella G. Whitaker, Florence O. Reid, Harry R. Robinson and Roy E. Robinson. The first three of the above named children were born to him by a former wife, and the remaining seven were born to him by appellant.

By the will, Phebe J. Robinson (his widow and appellant) and William T. Robinson (a son by the deceased's first wife) were appointed coexecutors thereof, and they qualified as such. The paragraphs of the will involved on this appeal are as follows:

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

"5th.   After the payment by my executors of all just debts and funeral expenses, which debts and expenses I desire my executors to pay out of the proceeds of my personal property, which personal property, with the exception of the items which I have previously disposed of in this Will, I desire my executors to sell at public or private sale as soon after my death as can be, taking into consideration a time (when in your judgment) such property will bring the most money to the estate; then if any money left I desire same deposited in Bank of Ayers Bros., Moweaqua, Illinois, to be left there until the death of my beloved wife, at which time I order and direct that my surviving executor, Wm. T. Robinson, make an equal distribution of the same among my ten children; In case of any of the ten children having died before my beloved wife, then the part which would be due said deceased child from the above distribution I desire paid to their heirs, if any, of said deceased child; If no heirs of said deceased child, then that part to go to the surviving brothers & sisters of the Deceased.

"6th.   I give, devise and bequeath to my beloved wife for her lifetime only the homestead, consisting of 80 acres of land more or less, said lands being located in the Northwest Quarter of Section 2, Township Fourteen, North Range 3 east of the 3rd Principal Meridian, Shelby County, Illinois.   At the death of my beloved wife I desire same to be sold by my surviving executor and the proceeds from same divided equally among the following named children:   Wm. T. Robinson, Mary J. Miller and Annie Henry.

"7th.   I own other lands described as follows:   The Southwest Quarter of the Northeast Quarter and the North Half of the Southeast quarter, all in Section 32, Township 14 North, Range 3 East of the 3rd Principal Meridian, Shelby County, Illinois.   This one hundred and twenty acres of land, I desire managed by my executors in the way that they think will be to the best interests of my estate during the life of my beloved wife; The proceeds from this 120 acres of land (with the exception of Two Hundred Dollars each year,

which two hundred dollars is disposed of in the next section of this Will) I desire deposited in Bank of Ayers Bros., Moweaqua, Illinois, once each year by my executors until the death of my beloved wife. Upon the death of my beloved wife I desire the total amount of money deposited in Bank of Ayers Bros., together with whatever amount may be due from my executors, to be deposited in said bank, divided by my said surviving executor equally among my ten children, if any deceased, their part to be disposed of according to a previous section in this Will. At the death of my wife I further desire that my surviving executor sell the one hundred and twenty acre tract of land and divide the proceeds equally among the following seven children; John B. Robinson, Alice May Forsythe, James Knox Robinson, Clarella Grace Whitacre, Florence O. Robinson, Harry Kenneth Robinson, and Roy Edward Robinson.

"8th. The Two Hundred Dollars excepted in section seven of this Will I desire given once each year into the hands of my beloved wife to do with the same whatever she desires."

On April 1, 1909, the coexecutors made a joint report to the County Court, wherein it is shown that the personal property of the estate had been sold by them and the claims allowed against the estate paid out of the proceeds thereof. On March 30, 1910, a report as executrix was made to the County Court by appellant only, and what is called in the briefs by counsel a final report was filed by appellant as executrix in the County Court on December 26, 1916. This report covers her acts and doings as executrix from March 27, 1910, to November 10, 1916. Appellee, as coexecutor, did not join in the last two reports mentioned, nor has he filed any report as such, except the first one in which he joined with appellant. To the last or final report filed by appellant, appellee, as coexecutor, and as son of the deceased, filed numerous objections, which were sustained by the County Court. An appeal was taken

to the Circuit Court. The following stipulation was entered into by the parties to the suit:

"It is stipulated by and between the parties hereto that the items in dispute in this case are as follows:

"May 14, 1913, J. B. Robinson, material and repairs to house............................$200.00

"Aug. 29, 1913, J. B. Robinson, material and repairs to house............................ 250.00

"Dec. 8, 1914, Shelby County Lumber Company, corn crib............................... 239.28

"Dec. 9, 1914, Adamson, Miller & Co., Nails, etc.,..................................... 21.69

"Dec. 12, 1914, G. Donnell, labor .......... 28.75

"Dec. 22, 1914, Roy E. Robinson, labor .... 22.00

"Dec. 24, 1914, J. W. Hill, gravel ........ 10.00

"The above items were all used in repairs and improvements placed upon the 120 acres in question. It is further stipulated that the items shown in the report of rent and grain and corn were items received from the 120 acres in question for the various dates stated.

"It is further stipulated that the objector now resides and has resided since the death of his father in Moultrie County, Illinois.

"That the widow, Phebe J. Robinson, now resides and has resided since the death of her husband on the 80 acres of land named in the will; that the deceased had two sets of children, three children being children of this wife—

"It is further stipulated that the tenant upon the 120 acres has been John B. Robinson, one of the seven children, and that he was tenant from the time of the death of his father up until the filing of this report and for sometime prior thereto he was tenant. It is further stipulated that the sums expended for the repairs and improvements above mentioned were taken from the general fund belonging to the ten children and on deposit in the Ayers Brothers Bank. It is further stipulated that all preliminary proof concerning the files in the probate court is waived and that either party hereto may use such portions of the files

of the probate court as evidence without preliminary proof, the competency thereof being left to the court.''

Notwithstanding the above stipulation, another objection to the report was heard and determined by the Circuit Court. In the report as filed in the County Court, appellant took credit for commissions as executor, and appellee objected thereto on the ground that he, as coexecutor, was entitled to one-half of the commissions. The County Court sustained his objection and on appeal to the Circuit Court this objection was overruled, and appellee has assigned a cross error thereon.

After the first report was filed, appellee told appellant to go ahead and manage the estate, as he lived too far away to give it his personal attention. The items in dispute, aside from the commissions, comprise $450 expended in 1913 by appellant in rebuilding the house and $321.72 expended in 1914 in rebuilding a corn crib on the 120 acres, which were occupied by John B. Robinson. These repairs were paid for out of moneys deposited in the Bank of Ayers Bros., Moweaqua, Illinois, from the rents received as directed in the 7th paragraph of the will. The objection to the payment of these moneys out of said funds is that under the will the executors had no power to make any such repairs, and when said funds were once deposited in said bank, they could not be withdrawn therefrom for such purpose.

S. S. CLAPPER and GEORGE B. RHOADS, for appellant.

CHAFEE, CHEW & BAKER, for appellee.

MR. JUSTICE ELDREDGE, delivered the opinion of the court.

Under the 6th paragraph of the will, appellant is devised a life estate in 80 acres of the land, and at her death the surviving executor is directed to sell the

same and divide the proceeds among the three children named. Under the 7th and 8th paragraphs, the executors are directed to manage the remaining 120 acres of land in the way that they think will be to the best interest of the estate during the life of appellant. Out of the proceeds from this tract of land the executors are directed to pay $200 per year to appellant as long as she lives, and to deposit the balance in the Bank of Ayers Bros., once each year, and upon the death of appellant the surviving executor to divide the moneys in the bank equally between the ten children. The surviving executor is also directed to sell the 120 acres at the death of appellant and divide the proceeds thereof among the seven children of appellant.

It is clear that under the terms of the will there was an equitable conversion of the lands and that the 6th and 7th paragraphs of the will are bequests of personalty. *Martin v. Martin,* 273 Ill. 595; *Glover v. Condell,* 163 Ill. 566. Under this will the surviving executor took title in fee to the lands mentioned in trust for the purpose of selling the fee-simple title after appellant's death. Although power to sell lands be not directly conferred by the express terms of a will, yet it will be implied where it is the duty of the executor under the will to make the sale and distribute the proceeds. *Lash v. Lash,* 209 Ill. 595. A trust was imposed upon the executors, and they occupied the dual capacity of executors and trustees. *Lash v. Lash, supra; Glover v. Condell, supra; Hale v. Hale,* 146 Ill. 227; *Greenwood v. Greenwood,* 178 Ill. 387. Where a will charges an executor with duties of a trustee without distinguishing his duties as trustee from those as executor, it does not amount to a failure to appoint a trustee. *Welch v. Caldwell,* 226 Ill. 488. The estate had long been settled when the matters in controversy here became involved. After the sale of the personal property and the payment of the debts,

the estate became settled, and the acts of appellant and appellee as coexecutors ceased, and they should have made a final report and have been discharged as such. In carrying out the remaining provisions of the will, they act as trustees and not as executors. The funds in controversy in this so-called executor's report are purely trust funds, over which neither the County Court nor the Circuit Court on appeal therefrom had any jurisdiction whatever. County Courts cannot administer on testamentary trusts. *Wylie v. Bushnell*, 277 Ill. 484. The orders of the County Court and the Circuit Court are void and of no effect. The County Court should require the coexecutors to make a final report as such executors, and declare the estate settled. If appellee, as a *cestui que trust,* desires an accounting from appellant as trustee, he has his remedy by a bill in equity. *Warner v. Mettler,* 260 Ill. 416. A trustee cannot in the first instance present a report to the Circuit Court and ask for its approval, and much less to the County Court, which has no jurisdiction of trusts whatever. *Warner v. Mettler, supra.*

The judgments of the Circuit and County Courts are reversed and cause remanded with directions to proceed in conformity with this opinion.

*Reversed and remanded with directions.*