## George W. Huston, Trustee under the Last Will and Testament of Mary M. Weed, Deceased, Appellant, v. Alsop C. Weed, Individually and as Guardian ad Litem of James Edward Weed. William M. Miller, Appellee.

### Gen. No. 7,665.

1. Trusts—*jurisdiction of equity.* Jurisdiction of all trust estates, upon bills properly filed and jurisdiction obtained, is given to equity.

2. Trusts—*provision requiring court approval of trustee's bond as necessitating submission to equity jurisdiction.* Provision of a will that before a trustee acts the court shall fix and approve the bond made necessary an appeal to the jurisdiction of the circuit court in equity by filing a bill therein.

3. Trusts—*retention of equitable jurisdiction once acquired over testamentary trust.* Jurisdiction once required by a court over a trust under a will would be retained till the trust expired, for all purposes, including administration of the estate and accounting for the acts of the trustee.

4. Trusts—*estoppel of trustee to deny jurisdiction of court over trust assumed under his own defective bill.* Trustee of an estate under a will who invoked aid of court without impleading necessary parties cannot take advantage of mistake by seeking to withdraw his report on the ground court was without jurisdiction.

5. Trusts—*necessary parties on proceedings to remove trustee.* On a proceeding to remove a trustee under a will and appoint his successor all beneficiaries and remaindermen must be made parties.

6. Trusts—*want of necessary parties deprives court of jurisdiction to hear objections to report of trustee.* If some beneficiaries and remaindermen have not been made parties to an action on a trust under a will, the court has no jurisdiction to hear objections to the trustee's report or to fix compensation of the trustee.

Appeal by plaintiff from the Circuit Court of Grundy county; the Hon. S. C. Stough, Judge, presiding. Heard in this court at the April term, 1926. Reversed and remanded with directions. Opinion filed December 13, 1926.

Hayes, Munts & Young, for appellant.

H. B. Smith and S. J. Holderman, for appellee.

MR. PRESIDING JUSTICE PARTLOW delivered the opinion of the court.

This is an appeal from an order of the circuit court of Grundy county sustaining objections to the report of appellant, George W. Huston, as trustee under the last will and testament of Mary M. Weed, who died August 9, 1908. One-half of her property was given to Alsop C. Weed, a son, and the other half to William M. Miller, her brother, in trust for James E. Weed, an incompetent son, for and during his natural life, and at his death, to his issue, if any, born in lawful wedlock. If he died without issue it was to go to Alsop C. Weed, or his issue. If Alsop C. Weed died without issue prior to the death of James E. Weed, the property was to go to Frank C. Miller, William M. Miller, and Whitney C. Miller, nephews. In case William M. Miller refused to act as trustee, George W. Huston, the appellant, was appointed as successor in trust. The will further provided that "before said trustee, or his successor in trust enters upon the duties of the trust herein created, he shall enter into a bond conditioned for the faithful discharge of his duties as such trustee in such sum and with such security, and in such form as the court in which this trust shall be executed may order and approve." A codicil appointed George W. Huston as testamentary guardian or conservator of James E. Weed, and provided that he should have a reasonable compensation for his services. It also placed a charge of $100 per year payable to the trustee, for the benefit of his ward, upon the land devised to Alsop C. Weed.

On November 10, 1908, appellant filed his bill in the circuit court of Grundy county, setting up the death of Mary M. Weed, and praying "that the court may appoint George W. Huston, trustee under the said will, and according to the terms and conditions thereof, and that your orator may have such other and further relief in the premises as equity may require and to your

honor shall seem meet.'' William M. Miller was the only defendant to this bill. He entered his appearance and answered that he had refused to act as trustee, consented to the appointment of Huston and that the amount of his bond be fixed according to the will. A decree was entered providing among other things "that this court has jurisdiction of the parties and of the subject matter of this suit; that all of the parties interested herein consent to the hearing of this cause at the present term of this court; that all of the material allegations contained in said bill are true;'' that Huston was appointed, with authority to exercise all the powers conferred by the will, and to do and perform all other acts required of him by law. He gave a bond which was approved by the court in the sum of $3,000, and subsequently, on May 8, 1925, he filed another bond in the sum of $10,000.

From the date of the filing of the decree to May 26, 1925, appellant made no report of the trust estate to the remaindermen nor to the circuit court, but upon that date he filed a report, in the original case, and Alsop C. Weed filed objections setting forth that the charges of the trustee for services were exorbitant; that the trustee had not kept the surplus fund invested, had not properly clothed the *cestui que trust;* that he had spent only $622.97 for clothing during a period of 17 years; that he had expended large sums of money in remodeling certain property in which he held a one-fourth interest for the benefit of his ward, and in which property his wife had acquired a three-fourths interest from other heirs. The objections prayed that the trustee be ordered to make further report of receipts and disbursements, and as the custodian of the person of his *cestui que trust.*

The court heard the objections and considerable evidence was taken. During the hearing the trustee made a motion to strike the objections from the files and for leave to withdraw his report. On cross motion of Al-

sop C. Weed, the court appointed Alsop C. Weed as guardian *ad litem* for James E. Weed and permitted him to file objections to the report, which were the same in substance as the ones previously filed, with the additional objection that by reason of the purchase of an interest in the estate by the wife of the trustee, the interest of the trustee had become adverse and antagonistic to the *cestui que trust*. The court refused to permit appellant to withdraw his report and strike the objections from the files, found that practically all of the objections should be sustained, entered a decree removing appellant as trustee, appointed his successor, ordered him to turn over all of the property to the successor, reduced the compensation of the trustee from about $9,000 to $350, together with certain interest which appellant had collected from funds in his hands.

The first question is as to the jurisdiction of the court. It is insisted by appellant that the decree filed in 1908 did not retain jurisdiction of the cause until 1925; that there were no directions in that decree requiring reports to be made, therefore that case was terminated in 1908 and there was no jurisdiction remaining in the court; that the court was in error in not allowing appellant to withdraw his report, and in removing appellant as trustee, for the reason that there were no proper pleadings for such action.

It is a well-known rule of law that equity has jurisdiction of all trust estates upon bills properly filed and jurisdiction obtained. *In re Estate of Mortenson,* 248 Ill. 520; *Frackelton v. Masters,* 249 Ill. 30; *Wylie v. Bushnell,* 277 Ill. 484; *People v. Jobusch,* 165 Ill. App. 540; *Robinson v. Robinson,* 214 Ill. App. 263. It is insisted, however, that in this case there was no necessity for the intervention of a court of equity and therefore the court was without jurisdiction. In support of this contention *Warner v. Mettler,* 260 Ill. 416, and *Robinson v. Robinson,* 214 Ill. App. 262, are cited. We

do not think the facts in this case come within the rule announced in either of those cases. Those cases held that it is only where there is some reasonable doubt as to their powers and duties, or as to the rights of the parties interested, that trustees are entitled to the court's direction; that the trustee has no right to go into a court of equity without some reasonable ground therefor; that the usual and proper course to invoke the jurisdiction of equity in matters of this kind is by filing a formal bill of complaint. In the *Warner* case an account was filed by the trustee without any other action being taken or relief prayed, and it was held that the court would not assume jurisdiction under that state of facts.

In this case, however, the will provides that before either of the trustees shall act the court shall fix the amount of the bond and approve the same with such sureties and in such form as the court in which the trust shall be executed may order and approve. Under this provision it was necessary before the trustee assumed his duties that he should give a bond. That was a condition precedent to his power and authority as trustee. The only court in which the bond could be given and the trust administered was the circuit court. It was therefore necessary for the trustee, or some other person, to file a bill in the circuit court, as was done in this case, praying that the amount of the bond be fixed and that the same be approved by the court.

It has been held in many cases that all beneficiaries and remaindermen are necessary parties in a chancery proceeding to appoint or remove a trustee. *Regan v. West,* 115 Ill. 603; *Butler v. Butler,* 164 Ill. 171; *Jones v. Bryant,* 204 Ill. App. 609; 2nd Perry on Trusts (6th Ed.) 1436. The bill as filed in 1908 did not make the *cestui que trust* nor the remaindermen parties defendant. A decree was entered which recited that the court had jurisdiction of the person of the defendant and the subject matter, and the bond of appellant as trustee

was fixed. It found that it was the duty of the trustee to do and perform all acts required of him by law. The will having provided that the trust should be administered in a court, therefore the court had jurisdiction of the subject matter. When the court acquired jurisdiction for one purpose it acquired jurisdiction for all purposes, including the administration of the estate and an accounting of the acts of the trustee. *Northwestern University v. Wesley Hospital*, 290 Ill. 205; *Anderson v. Anderson*, 293 Ill. 565. If the court acquired jurisdiction for these purposes it retained jurisdiction until the expiration of the trust.

The appellant recognized the continuance of the jurisdiction of the court by filing his report 17 years after his appointment and by filing a new bond in 1925. He is in no position to complain of any misjoinder of parties when the original suit was filed. If he filed a defective bill, had himself appointed, and proceeded to act, he will not now be permitted to take advantage of his own act, and be heard to say that his appointment was void for want of proper parties and that the court did not have jurisdiction over him to hear the matter. Other parties in interest might have cause for complaint on this ground but they are not urging that point. The court properly refused to strike the objections from the files and properly refused to permit appellant to withdraw his report.

If the trustee was to be removed and his successor appointed, all of the beneficiaries and remaindermen were entitled to their day in court upon the hearing of the objections. The mere fact that the court appointed a guardian *ad litem* for the *cestui que trust* did not bring him under the jurisdiction of the court for the reason that he was not properly served with a summons. The pleadings in this case are extremely informal and consist only of the report and objections. In this condition of the record the court did not have jurisdiction under the pleadings to hear the objections,

to remove the trustee, to appoint his successor, or to fix his compensation.

The decree will be reversed and the cause remanded with directions to allow all necessary parties to be made defendants to the bill, to require such pleadings as shall form an issue sufficient to raise all questions which shall be necessarily determined in the consideration of the objections, and to proceed to hear the report and make such orders as the law and the evidence justify. Pending further proceedings, the report of appellant, together with his account book as certified to this court, will be impounded by the trial court.

*Reversed and remanded with directions.*