**E. Schmalfeld, Complainant, v. Gertrude Cassady et al., Defendants.**

**Annie Durkin, Cross-Complainant, Appellee, v. Daniel Hickey, Cross-Defendant, Appellant.**

**Gen. No. 41,176.**

Opinion filed November 20, 1940.

KENNEDY, GRIDER & MOBERLEY, of Chicago, for appellant.

RINGER, REINWALD & SOSTRIN and AARON HOMEL, both of Chicago, for appellee; STANTON SCHUMAN, of Chicago, and AARON HOMEL, of counsel.

MR. PRESIDING JUSTICE HEBEL delivered the opinion of the court.

This is an appeal by one of the defendants, Daniel Hickey, from an order entered by the court on November 3, 1939, directing that Daniel Hickey and Catherine Hickey show cause why they should not be attached for contempt of court for failure to comply with the decree entered by the court on the 3rd day of July, 1935, and as we have indicated the appeal is from the order which is as follows:

"And the cause coming on to be heard on the verified petition of Annie Durkin and Answer of Daniel Hickey thereto, and the argument of counsel being heard in open court, and the Court having jurisdiction of the parties and the cause herein;

"The Court hereby finds and holds that the order of discharge in bankruptcy proceedings of Daniel Hickey, Case No. 54597, in the District Court of the United States of America Northern District of Illinois, Eastern Division, did not discharge the said Daniel Hickey from the sum of Seventeen Hundred Dollars due to Annie Durkin set forth by the decree in this matter entered on the 3rd day of July, 1935."

The petition of Annie Durkin was based upon a decree entered in a foreclosure proceeding by the court on the 3rd day of July, 1935. In and by this petition, petitioner asked that a rule be entered against Daniel Hickey and Catherine Hickey requiring them to show cause why they should not be attached for contempt of court for failure to comply with the decree of the court entered on July 3, 1935.

The facts as they appear from the decree that was entered by the court on July 3, 1935, are that Annie Durkin had been on intimate and close friendly relations with the defendants, Daniel Hickey and Catherine Hickey, his wife, for many years previous to 1931; . . . ; that she had frequently loaned the Hickeys money which had been repaid to her; that on or about May 25, 1931, Daniel Hickey entered in negotiation to buy certain real estate involved herein upon which there was a $2,500 mortgage (which mortgage was afterwards foreclosed by said decree) subject to the said first mortgage and for the extension of said mortgage . . . a certain amount of money was loaned by the petitioner from time to time for this purpose; that the respondents Daniel Hickey and Catherine Hickey, his wife, obtained a loan of $500 for making certain improvements on the premises involved in the

foreclosure proceeding, and received said loan on or about January 1, 1932, for which a note was issued by Daniel Hickey for $500 to the petitioner; that certain other improvements were required on said premises and that on March 1, 1932, petitioner made an additional loan of $500 to the Hickeys and received a note for said loan and that all of said moneys was received by Daniel Hickey and Catherine Hickey for the purpose they represented to the petitioner, namely, to purchase the premises herein foreclosed and to make certain improvements thereon. That the $1,700 mentioned in plaintiff's petition and borrowed by Daniel Hickey and Catherine Hickey, his wife, was borrowed at the request of the respondent, Daniel Hickey and his wife, and applied for and used in the purchase and improvements of the real estate foreclosed; that afterwards on the 9th day of January, 1933, respondent, Daniel Hickey and Catherine Hickey executed and delivered a certain trust deed conveying the premises involved in the foreclosure proceeding to Edward Voelcker, as trustee, together with a trust deed note for the sum of $4,260, which includes other and different moneys than the $1,700 herein involved, which deed was duly acknowledged and recorded in the recorder's office of Cook county, Illinois, on the 19th day of January, 1933, and which trust deed was stamped: This trust deed is a junior mortgage.

The petitioner submits additional facts that it is suggested were omitted from the facts of defendant, and suggest that on July 3, 1935, a decree was entered in the matter of E. Schmalfeld v. Gertrude Cassady, et al., upon the cross complaint of Annie Durkin, appellee herein, against Daniel Hickey, appellant in this appeal, and that this decree found that Annie Durkin was at that time an elderly woman, about the age of 70 and that she had been for many years past on intimate and close friendly relations with Daniel Hickey and his wife, Catherine Hickey, and that

Daniel Hickey and Catherine Hickey had, by their conduct and dealings, gained the trust and confidence of said cross complainant and that Annie Durkin, the said cross complainant had relied upon the cross defendant herein, especially in view of the suggestion of Hickey and his wife, that she make her home with the Hickeys for and during her old age; that the decree further found that the said Daniel Hickey and Catherine Hickey have fraudulently, and by means of undue influence, and in violation of their fiduciary relationship with said Annie Durkin, received and obtained the sum of $2,300 with knowledge of the fact that same did not belong to her, but was the property of her niece and nephew and held by her for safe-keeping; and additional sums aggregating $1,700 belonging to Annie Durkin.

The answer that was filed by the defendant shows that on the 14th day of December, 1936, the plaintiff herein presented her petition before the Honorable JOSEPH BURKE of this court in which similar allegations were made, and that upon a hearing thereof before Judge BURKE, and the court being apprised of the facts that Daniel Hickey was discharged in bankruptcy, the petition was dismissed. In the consideration of this appeal now before the court, Justice JOSEPH BURKE took no part.

The defendant's theory of the case as suggested in his brief is that the order and decree herein appealed from does not conform to the prayer of plaintiff's petition upon which the same was entered, and that therefore the court erred in entering the order because it does not conform to the prayer of the petition. Defendant calls this court's attention to the petition of the plaintiff in the action, upon which the court's order and finding was based, and the subject of the appeal of the defendant and cites the prayer of the petition "that a Rule may be entered in said cause, requiring the Defendants to show cause within a reasonable time

to be fixed by the Court, why an attachment should not be issued against them, and they be punished for contempt of this Court for their neglect and refusal to comply with the aforesaid order or Decree therein.'' Defendant contends that Annie Durkin, the plaintiff, was entitled to only such relief as prayed for in her said petition and therefore the order should conform to and be limited by the prayer for relief in her petition, and cite the case of *Warner v. Mettler,* 260 Ill. 416, and also, *Architectural Decorating Co. v. Shaw,* 274 Ill. App. 260, and that the order should be reversed.

Upon examination of the order entered by the court, we find that the court holds that the ''order of discharge in bankruptcy proceedings of Daniel Hickey, Case No. 54597, in the District Court of the United States of America Northern District of Illinois, Eastern Division, did not discharge the said Daniel Hickey from the sum of Seventeen Hundred Dollars due to Annie Durkin set forth by the decree in this matter entered on the 3rd day of July, 1935,'' and there is no order that a rule be entered in the cause requiring the defendants to show cause within a reasonable time to be fixed by the court why they should not be punished for contempt of court for their neglect and refusal to comply with the said decree.

It does not appear from this order that a final order has been entered. On the contrary, while the court passed upon the question as to whether the discharge in bankruptcy relieves the defendant, Daniel Hickey, from the amount the court found due under the said decree, there is no such finding or order of the court that the final issue that was called for by plaintiff was passed upon, so that the plaintiff may enforce the order by proper proceeding.

The general rule upon the question that we have before us has been passed upon by our courts in cases where the question before the court was as to whether

the order that was entered was a final one. In the case of *Chechik v. Koletsky,* 305 Ill. 518, the court held that the decree that was entered was not final "where it is impossible for the party in whose favor the decision is made to obtain any benefit therefrom without again setting the cause down for hearing before the court upon the part reserved upon the coming in and confirmation of the report of the master to whom it is referred to ascertain certain facts which are absolutely necessary to be ascertained before the case is finally determined by the court or which the chancellor thinks proper to have ascertained before he grants relief to the complainant." In that case, the court held that the appeal of the defendant be dismissed. In the case of *Peabody Coal Co. v. Industrial Commission,* 287 Ill. 407, the court held that a judgment or decree is final and appealable only when it terminates the litigation between the parties on the merits of the case, so that when affirmed the court below has only to proceed with the execution of the judgment or decree. In one of the early cases of this court, *Sercomb v. Catlin,* 25 Ill. App. 194, this court on a like question, which action was a contempt proceeding, found that there was no final judgment, and said: " . . . There is no final judgment on this finding. He is directed to dismiss the suit of the company or show cause why he should not be punished for failing to do so. He may show ample cause, but if he shall not do so, yet it can not be said that there is any final judgment against him. There is no fine imposed, no imprisonment ordered. The judgment of the court on this contempt is as yet unspoken. The order is purely interlocutory and determines nothing finally as against the plaintiff in error. It is not, therefore, subject to review on error or appeal, and it follows that the writ of error must be dismissed."

Upon a like question, this court in the case of *McEwen v. McEwen,* 55 Ill. App. 340, calls attention to the order of commitment which was as follows:

" 'It appearing to the court that the defendant is guilty of a contempt of this court for willfully refusing to pay the sum of $120 temporary alimony now due to complainant, Mary McEwen, in the case of Mary McEwen v. John McEwen, now pending in this court, and known as Gen. No. 136,310, under order of January 19, A. D. 1892, it is therefore ordered that an attachment issue against the said John McEwen returnable forthwith.' " The court further said:

"Such is no final order or judgment of commitment. It is entirely lacking in the element of directing punishment either by fine or imprisonment. The whole force of it is to direct an attachment of the body of the plaintiff in error and bring him into court, there to answer unto and abide by such further order as might be entered by the court for an enforcement of the alimony order. *Ex parte Henry Petrie,* 38 Ill. 498; . . .

"The order is purely interlocutory and not reviewable." The court further said that there being no final order before the court "that can either be affirmed or reversed, and the writ will, therefore, be dismissed."

While in this instant case, the court found that the discharge in bankruptcy does not apply to relieve the defendant, Daniel Hickey, from payment of the amount as fixed by the decree entered on July 3, 1935, that was the extent of the order appealed from; and, therefore, while the purpose of the proceeding was a contempt proceeding, the court failed to enter an order, as we have already indicated, that the defendant, Daniel Hickey, show cause within a reasonable time to be fixed by the court, why an attachment should not be issued against him and be punished for contempt for his failure to comply with said order. The court is therefore not in a position to proceed with the execution of the order.

While there are other questions involved in this litigation on the conclusions of the court in finding that the discharge in bankruptcy did not relieve the de-

64

fendant, Daniel Hickey, it is not necessary to pass upon these questions as we have indicated that the appeal by the defendant, Daniel Hickey, is not from a final order but is from an interlocutory one, and, therefore, those questions are not to be considered by the court upon this appeal.

For the reasons stated the appeal of this defendant will be dismissed.

*Appeal dismissed.*

DENIS E. SULLIVAN, J., concurs.

BURKE, J., not participating.