(No. 13143.—Reversed and remanded.)

FRANKLIN S. ANDERSON, Plaintiff in Error, *vs.* OSCAR LOUIS M. ANDERSON *et al.* Defendants in Error.

*Opinion filed June 16, 1920.*

1. PLEADING—*whether a bill is multifarious depends upon circumstances of the particular case.* There is no inflexible rule by which to determine whether a bill is multifarious but the court must look to the circumstances of the particular case, and the decision in another case is not necessarily conclusive.

2. SAME—*general rule as to what matters may be joined in one bill.* Matters of the same nature between the same parties although arising out of different transactions, and matters arising out of the same transaction or series of transactions forming one course of dealing and requiring relief of the same general character without imposing unreasonable hardship on the defendant or causing additional expense, may be joined in one bill, and although a bill has more than one object it will be sustained if necessary to the administration of justice.

3. EQUITY—*proceeding to set aside a will is a suit in equity.* Although jurisdiction of a court of equity to entertain a bill to contest a will is derived from the statute, a will contest is nevertheless a proceeding in equity. (*Stephens* v. *Collison,* 249 Ill. 225, followed.)

4. SAME—*a court of equity will endeavor to avoid a multiplicity of suits.* A bill in equity should be so planned as to afford ground for a decision on the whole matter at one time and to prevent, if possible, further litigation, as one of the favorite objects of a court of equity is to do complete justice by avoiding a multiplicity of suits, and the court will grant all relief incidental to the main object of the bill.

5. WILLS—*when bill to set aside will and to enforce trust agreement is not multifarious.* A bill to set aside the will of the com-

plainant's step-mother on the ground that she was unduly influenced by her own children, and to enforce a trust agreement between the step-mother and the complainant's father that no distinction should be made by the survivor in the distribution of property to the children of both of them, is not multifarious on the ground that it invokes both the statutory and the general jurisdiction of a court of equity.

Writ of Error to the Superior Court of Cook county; the Hon. Denis E. Sullivan, Judge, presiding.

E. W. Adkinson, and E. J. Whitehead, (H. W. Magee, of counsel,) for plaintiff in error.

David K. Tone, and Elmer J. Tone, for defendants in error.

Mr. Justice Thompson delivered the opinion of the court:

Plaintiff in error, Franklin S. Anderson, filed his bill in the superior court asking that the will of Julia Anderson, deceased, be set aside because of fraud and undue influence, and that a certain understanding and agreement between her and his father be directed to be specifically performed by his half-sister and half-brothers.

The bill alleges that in 1875 John Anderson married Julia Sampson; that John Anderson was then a widower and that plaintiff in error was his only child; that there were subsequently born to John and Julia Anderson three children,—Oscar Louis M. Anderson, John Arthur Anderson and Marie Anderson, who subsequently married one Eilert and to whom was born a daughter, Arlyn Eilert; that plaintiff in error was sixteen years older than the eldest of the children of Julia Anderson and that he helped his father accumulate the property here in question; that there was an agreement and understanding between John Anderson and Julia Anderson that no distinction should be made be-

tween the four children of John Anderson in the distribu-
tion of whatever property remained after the death of John
and Julia Anderson; that pursuant to this agreement John
Anderson on the 17th day of December, 1895, made and
executed his will, by which he conveyed all of his real and
personal estate to his wife, Julia Anderson, and in the third
clause of said will provided as follows: "My four chil-
dren, [naming them,] and any child or children who may
be born to me hereafter, I leave to the care and authority
and control of my said wife, Julia Anderson, relying upon
her to make such just and proper provision for them in the
future as in her sole judgment may be proper;" that fur-
ther pursuant to the said agreement Julia Anderson on the
15th day of July, 1905, made and executed her will, by which
she gave all her property to her husband in case he should
survive her, and directed that in case he should not survive
her all her property be placed in trust, the trustees to pay
over to each of the four children one-fourth of the net
income for a period of ten years, and that upon the expi-
ration of said ten years the trustees should pay over one-
fourth of the estate to each of said four children, with the
provision that $2000 should be deducted from the fourth
interest of her step-son, Franklin, and added to the one-
fourth interest of her son John; that John Anderson, father
of plaintiff in error, died February 24, 1910, and his will
was duly admitted to probate; that later, on the second day
of August, 1916, Julia Anderson made and executed an-
other will, by which she revoked the will made during the
lifetime of her husband and re-distributed the property, giv-
ing to plaintiff in error the sum of $2000, only, and divid-
ing the remaining property among her three children and
grand-daughter; that the estate was a very large one, con-
sisting of real and personal property, and that the provision
for plaintiff in error was grossly inequitable and contrary
to the understanding and agreement between his father and
step-mother; that Julia Anderson died March 15, 1918, and

her will of August 2, 1916, was promptly admitted to probate as her last will and testament, and that this will was obtained by fraud and undue influence practiced and exercised by the children of Julia Anderson. The three children and the grand-daughter of Julia Anderson were made defendants. A general and special demurrer was filed, the special ground of demurrer being that the bill is multifarious, in that it seeks to set aside the will of Julia Anderson on the ground of fraud and undue influence, thereby invoking the statutory jurisdiction of a court of equity, and that it at the same time seeks to enforce a trust agreement, thereby invoking the general jurisdiction of a court of equity. The chancellor sustained the demurrer on the ground that the bill is multifarious, and, the plaintiff in error electing to stand by his bill, the chancellor dismissed it for want of equity. This writ of error is prosecuted to review that decree.

Defendants in error contend that the decree should be affirmed on the ground that a party cannot in a bill "seek to contest a will on statutory grounds by reason of alleged undue influence, and in the same bill seek to reach property under an alleged trust agreement which, if valid at all, entitles the complainant to his share of the property as such beneficiary, independently of any provision of the will." They rely on three former decisions of this court, *Hollenbeck* v. *Cook,* 180 Ill. 65, *Calkins* v. *Calkins,* 229 id. 68, and *Tagert* v. *Fletcher,* 232 id. 197, and contend that those decisions are conclusive of the question here presented. In determining whether or not a bill is multifarious the court must look to the facts and circumstances of the particular case under consideration, and it can hardly be said that a decision in any other case is necessarily conclusive of the question in the case under consideration. To lay down any rule universally applicable to the question of multifariousness, or to say what constitutes multifariousness as an abstract proposition, is, under the authorities, utterly impos-

sible. There is no settled and inflexible rule by which we can decide whether a pleading is multifarious. (*First Nat. Bank* v. *Starkey,* 268 Ill. 22.) The modern tendency of the courts is to relax the rigid rules of pleading and to hold that a bill is not multifarious where the various causes set forth in the bill may more conveniently be tried in a single suit, where it will avoid a multiplicity of suits and where the relief sought in each cause is of the same general character and no unreasonable hardship will be caused the parties against whom the relief is asked. (*North American Ins. Co.* v. *Yates,* 214 Ill. 272; 10 R. C. L. 429.) The cases relied on by defendants in error are to some degree distinguishable from the case at bar, and wherein they are not distinguishable they have been modified by our holding in *Stephens* v. *Collison,* 249 Ill. 225, and later decisions. This litigation arises out of a series of transactions all tending to one end, and in order to present the whole matter to the court it is necessary to present each transaction in its natural sequence. All of the property in question and all the parties interested are the same. As we said in *Stephens* v. *Collison, supra,* why should plaintiff in error be required to bring two suits before the same chancellor against the same parties when no rights of the defendants in error could be prejudiced by combining both matters in one suit, especially when the rights of plaintiff in error might be seriously prejudiced if he were not permitted to seek his remedy under one bill? If it were conceded that under the first will of Julia Anderson plaintiff in error was equitably treated, and if plaintiff in error could be assured that he could set aside the second will in a contest, then the suit to establish the trust agreement would be unnecessary. Manifestly, this assurance cannot be given and the outcome of the proceeding to contest the will cannot be foretold. On the other hand, if plaintiff in error proceeded to establish the trust agreement and failed, he would probably be deprived of his right to have a hearing on his bill to contest the will, the law requir-

ing such a bill to be filed within one year after the will is admitted to probate. If plaintiff in error succeeded in his suit to establish the trust agreement and the wills were not before the chancellor, further litigation would probably be necessary to settle the conflicting titles to the property.

Matters of the same nature between the same parties, although arising out of distinct transactions, may be joined in the same bill. A bill does not come within the evil of multifariousness when the joinder therein of two distinct matters prevents a needless multiplicity of suits and neither inconveniences the defendants nor causes additional expense. (Fletcher's Eq. Pl. & Pr. sec. 109.) If the grounds be not entirely distinct and unconnected, if they arise out of one and the same transaction or series of transactions forming one course of dealing and all tending to one end, if one connected story can be told of the whole, the objection of multifariousness does not apply. (Story's Eq. Pl.—6th ed.— sec. 271b.) The contention of defendants in error that the chancellor cannot in the same suit exercise his statutory and general equity jurisdiction is disposed of in *Stephens* v. *Collison, supra,* where we said that because the jurisdiction of a court of equity to entertain a bill to contest a will is derived from the statute a will contest is not made any the less a case in equity. Defendants in error might more seriously complain if this litigation were divided into two suits, because it would expose them to repeated litigations concerning the same thing. The rule has been long established that in equity proceedings the bill should be so planned as to afford ground for a decision on the whole matter at one and the same time and so far as possible prevent further litigation concerning it. One of the favorite objects of a court of equity is to do full and complete justice by avoiding a multiplicity of suits. (*McGovern* v. *McGovern,* 268 Ill. 135.) It is the aim of courts of equity to administer complete relief in one suit, although to do so requires an investigation of several matters and relief consisting of dif-

ferent elements. The court will in a single suit investigate and determine all questions incidental to the determination of the main controversy and will grant all relief incidental to the accomplishment of the main object of the bill. (*King v. Rice,* 285 Ill. 123; *Northwestern University* v. *Wesley Memorial Hospital,* 290 id. 205.) Though a bill is multifarious in the sense of embracing more than one object, it will be sustained if such procedure is necessary or highly conducive to the administration of justice. Here plaintiff in error claims the same property and he asserts his claim against the same persons. We can see no valid objection to his presenting all his claims to this property in one bill.

The decree is reversed and the cause is remanded to the superior court of Cook county, with directions to overrule the demurrer. *Reversed and remanded, with directions.*