# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *In re Estate of Mercier*, 2011 IL App (4th) 110205

---

| | |
|---|---|
| Appellate Court Caption | *In re*: the Estate of LEROY W. MERCIER, Deceased, JODY A. MARTIN, as Executrix of the Estate of LEROY W. MERCIER, Plaintiff-Appellant, v. RHONDA E. MERCIER, Defendant-Appellee. |
| District & No. | Fourth District<br>Docket Nos. 4-11-0205, 4-11-0350 cons. |
| Filed | December 2, 2011 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Where appellant failed to provide an adequate record on appeal and in the absence of any showing that the trial judge erroneously applied section 4.26 of the Trusts and Trustees Act in its rulings, the trial court's orders removing plaintiff as the trustee of a testamentary trust and appointing defendant as her replacement were affirmed. |
| Decision Under Review | Appeal from the Circuit Court of Sangamon County, No. 09-P-165; the Hon. Leo J. Zappa, Jr., Judge, presiding. |
| Judgment | Affirmed. |

Counsel on Appeal

Gordon W. Gates (argued) and Chad M. Skarpiak (argued), both of Gates, Wise & Schlosser, P.C., of Springfield, for appellant.

Cheryl S. Neal (argued), of Mohan, Alewelt, Prillaman & Adami, of Springfield, for appellee.

Panel

JUSTICE COOK delivered the judgment of the court, with opinion.
Presiding Justice Turner and Justice Pope concurred in the judgment and opinion.

**OPINION**

¶ 1     Plaintiff, Jody A. Martin, appeals a series of trial court orders removing Jody as trustee of a testamentary trust and appointing defendant, Rhonda E. Mercier, as her replacement. Jody argues, pertinently, that the court abused its discretion in substituting Rhonda for Jody, deprived Jody of due process, and misconstrued section 4.26 of the Trusts and Trustees Act (760 ILCS 5/4.26 (West 2010)). As (1) we presume, due to substantial holes in the trial record, the court's order was supported by adequate evidence and comported with procedural requirements and (2) no error of statutory interpretation occurred, we affirm.

¶ 2                                 I. BACKGROUND

¶ 3     On March 3, 2009, decedent, LeRoy W. Mercier, died testate. On March 24, 2009, LeRoy's will was admitted to probate and Jody, one of his daughters, was appointed executrix under independent administration. Among its other provisions, the will called for a testamentary trust comprised primarily of three houses sharing an undivided tract of land in Springfield, two automobiles, some antique furnishings, and some property-maintenance equipment. At the time of his death, LeRoy resided in one of the houses and Rhonda, another of LeRoy's daughters, in another. According to LeRoy's will, the corpus was to be held in trust and managed for Rhonda's benefit during her lifetime; several of LeRoy's grandchildren were named remainder beneficiaries. Jody was appointed trustee and one of LeRoy's minor granddaughters was nominated as substitute trustee.

¶ 4     The establishment of this testamentary trust was the subject of a prolonged dispute between Jody and Rhonda in the probate of LeRoy's estate, initiated by Rhonda's October 23, 2009, petition to terminate independent administration of LeRoy's estate and request for an accounting of Jody's actions as executrix. Throughout the proceedings, Jody maintained the estate was insolvent; she requested that the estate be allowed to hold the property designated as the trust corpus in case the property had to be sold to cover the estate's debts,

including Jody's executrix fees and attorney fees. She showed progress toward selling off LeRoy's real property not bequeathed to the trust, although the net proceeds were often modest after the mortgages were repaid.

¶ 5 Rhonda asked that the property be placed in trust and made productive, subject to refunding bonds to protect Jody's liabilities as executrix. In a series of pleadings, including a March 18, 2010, petition to disqualify and remove Jody as trustee, Rhonda alleged Jody delayed establishing the trust; declined to make the trust property productive for Rhonda's benefit; and wasted estate assets by spending them on unwarranted improvements in several of LeRoy's real estate holdings, including those bequeathed to the trust, by allowing family members to use the trust property without paying rent or usage fees, and by failing to account for payments and loans to family members for unspecified services.

¶ 6 In an order entered June 23, 2010, the trial court terminated independent administration of LeRoy's estate and required Jody, as executrix, to file an inventory and verified accounting. Rhonda attacked Jody's subsequent filings–including a verified accounting with no value listed for the specifically bequeathed real estate–as noncompliant. Jody continued to plead that the estate was insolvent and no feasible plan to fund the testamentary trust could be devised. On September 17, 2010, Rhonda filed objections to Jody's inventory and interim account and a petition to compel Jody to distribute the specifically bequeathed property to the trust.

¶ 7 Following a hearing, in an October 14, 2010, order, the trial court, in pertinent part, restricted Jody's expenditure of estate assets, required Jody to fund the testamentary trust with one of the specifically bequeathed vehicles, and directed the parties to submit proposals concerning the feasibility of making the bequeathed trust property "self-supporting for the ultimate conveyance to the Trust as provided in the Decedent's Will." In a subsequent pleading, Jody maintained the trust was infeasible. Rhonda submitted three alternative proposals by which, Rhonda argued, the property could be made productive and sustainable.

¶ 8 On November 5, 2010, Rhonda notified Jody that their proposals would be argued at a December 17, 2010, hearing. The record on appeal contains no detailed account of the December 17, 2010, hearing: no verbatim transcript, bystander's report, or agreed statement of facts as provided for in Illinois Supreme Court Rule 323 (eff. Dec. 13, 2005). The only record of the hearing is a docket entry. The entry indicates Jody, who was not personally present, was represented by counsel and Rhonda was present with counsel. It indicates a witness was sworn, testimony was taken, arguments were heard, and the trial court took the matter under advisement.

¶ 9 In a February 4, 2011, order, the trial court ordered Jody, as executrix, to convey the specifically bequeathed property to the trust. It further directed Jody, as trustee, to collect rent from family members who were residing on and occupying the real property bequeathed to the trust, to rent out any unoccupied residential properties, and to coordinate with Rhonda regarding payment for utilities and upkeep. Referring to section 4.26 of the Trusts and Trustees Act (760 ILCS 5/4.26 (West 2010)), the court provided that in the event Jody dissolved the trust pursuant to that statute the corpus would be distributed to Rhonda for her life and guardians *ad litem* would be appointed for any minor remaindermen. The court

-3-

reserved ruling on "all issues raised by the pleadings," including explicitly executrix and attorney fees and implicitly Rhonda's petition to disqualify and remove the nominated trustees.

¶ 10   On February 14, 2011, Jody filed a petition to clarify the trial court's February 4, 2011, order. In relevant part, Jody indicated that she interpreted the order to require dissolution of the trust and distribution of the corpus to Rhonda as life tenant, free of trust. On February 28, 2011, the court held a hearing on, among other things, the petition to clarify. Again, our record lacks a report of proceedings pertaining to this hearing. Following the hearing, that same day, the court entered a written order requiring the conveyance of the indicated property to the trust and substituting Rhonda for Jody as trustee. On March 4, 2011, Jody filed her notice of appeal with respect to the court's February 4 and February 28, 2011, orders, No. 4-11-0205.

¶ 11   On March 16, 2011, the trial court entered a further clarified order, again directing Jody, as executrix, to convey the specified property to the trust and substituting Rhonda for Jody as trustee. As in the February 4, 2011, order, the court indicated section 4.26 of the Trusts and Trustees Act would allow the trustee to terminate the trust in certain circumstances, in which case the court stated it would appoint guardians to protect the remainder interests of any of LeRoy's minor grandchildren. The court authorized Rhonda to implement one of her proposals, subject to continuing reporting duties. Jody subsequently filed a notice of appeal relating to the March 16, 2011, order, No. 4-11-0350. Her appeals have been consolidated for our review.

¶ 12                                    II. ANALYSIS

¶ 13   Jody argues the trial court erred by (1) failing to notify Jody of its intent to remove her as trustee and provide her an opportunity to be heard, (2) removing Jody as trustee, (3) appointing Rhonda substitute trustee, (4) failing to make specific findings regarding the substitution of Jody with Rhonda as trustee, and (5) erroneously interpreting section 4.26 of the Trusts and Trustees Act (760 ILCS 5/4.26 (West 2010)). In response, Rhonda contends (1) Jody lacks standing to pursue this appeal; (2) the court's orders are not appealable; (3) the absence of a transcript, bystander's report, or agreed statement of facts with respect to the December 17, 2009, hearing warrants affirmance; (4) Jody forfeited appellate review of her claims; (5) the court did not err in its interpretation of section 4.26 of the Trusts and Trustees Act; and (6) the court did not err in substituting Rhonda for Jody as trustee. Because Jody failed to provide an adequate record and the court did not erroneously apply section 4.26 of the Trusts and Trustees Act in its rulings, we affirm.

¶ 14   We first consider Jody's argument that the trial court erred in removing Jody and substituting Rhonda as trustee. The appointment and removal of trustees is a matter of the trial court's discretion, and the court's judgment will not be reversed absent an abuse of that discretion. *Chicago Title & Trust Co. v. Chief Wash Co.*, 368 Ill. 146, 156, 13 N.E.2d 153, 157 (1938). Obviously, the appropriateness of the appointment or removal of a trustee depends on the particular facts and circumstances of each case. *Id.*

¶ 15   The absence of a sufficient report of proceedings in the trial record is dispositive of this

issue. In general, a trial court's judgment enjoys presumptions that it "was in conformity with law and had a sufficient factual basis." *Foutch v. O'Bryant*, 99 Ill. 2d 389, 392, 459 N.E.2d 958, 959 (1984). An appellant can overcome these presumptions only by supporting his claim of error with "a sufficiently complete record of the proceedings at trial." *Id.* at 391, 459 N.E.2d at 959. "Any doubts which may arise from the incompleteness of the record will be resolved against the appellant." *Id.* at 392, 459 N.E.2d at 959.

¶ 16    Jody's possible forfeiture or waiver of her arguments is a parallel consideration. The appellate court may address only those errors properly preserved for review. See *York v. El-Ganzouri*, 353 Ill. App. 3d 1, 17-18, 817 N.E.2d 1179, 1194 (2004). Ordinarily, this requires the future appellant to make a timely–*i.e.*, contemporaneous–objection and "identify the same basis for his objection in the trial court that he will argue on appeal." *Id.* at 18, 817 N.E.2d at 1194. "[G]rounds not stated are waived on review." *Gausselin v. Commonwealth Edison Co.*, 260 Ill. App. 3d 1068, 1079, 631 N.E.2d 1246, 1254 (1994).

¶ 17    Aside from the trial court's docket entry, no record of the December 17, 2010, hearing is included in the record on appeal. From the docket entry, we know Jody was not personally present but was represented by counsel and Rhonda was present with counsel. Testimony and arguments were heard, but their subject was not specified in the record. The court's February 4, 2011, order contains no specific factual findings or summary of evidence heard on December 17, 2010. Jody maintains the scope of evidence and arguments was controlled by Rhonda's notice of hearing, which pertained specifically to Rhonda's proposal for distribution of estate property to the trust, but she lacks support for this proposition.

¶ 18    The trial court's initial February 4, 2011, order did not remove Jody as trustee. The substitution order followed a hearing on February 28, 2011, concerning Jody's petition to clarify the February 4, 2011, order. We have no record of the arguments presented at the February 28, 2011, proceedings. Without a report of the December 17, 2010, and February 28, 2011, proceedings, Jody fails to overcome our presumption that the court's subsequent orders were supported by sufficient evidence, especially in light of our deferential standard of review regarding the court's substitution of the trustee. The court was not required to state its specific factual findings or its reasoning on the record. *People v. Curtis*, 296 Ill. App. 3d 991, 1000, 696 N.E.2d 372, 379 (1998). However, even if the record disclosed the court's findings, we would lack the evidence against which to evaluate them.

¶ 19    Jody further claims that the notice of hearing, which was limited in scope to Rhonda's proposal for distribution of estate assets, establishes she was denied notice that the December 17, 2010, and February 28, 2011, proceedings could result in her removal as trustee. Indeed, prior to his removal, a trustee must be given notice that the trusteeship is in jeopardy and allowed an opportunity to be heard. *People v. Powell*, 353 Ill. 582, 592-93, 187 N.E. 419, 423-24 (1933). However, our presumption that the trial court's judgment conformed to the law extends to procedural and constitutional considerations as well as the court's application of principles and standards to facts. Absent a report of proceedings, we presume Jody was given due notice and an opportunity to argue against her removal. Alternatively, we would expect Jody to have objected whenever the topic of her removal first arose, whether at the December 17, 2010, or February 28, 2011, hearing or in the court's February 28, 2011, order. That no objection appears in the record–even in postjudgment filings–indicates that Jody

either waived the notice requirement or forfeited our review of this issue.

¶ 20    Finally, Jody claims the trial court erred by misapplying section 4.26 of the Trusts and Trustees Act (760 ILCS 5/4.26 (West 2010)). Section 4.26 lays out a procedure allowing a trustee to terminate a small trust in certain circumstances. Jody's interpretation of the court's references to section 4.26 in its February 4, 2011, and March 16, 2011, orders is mistaken. Contrary to Jody's assertion, the court never actually cited section 4.26 as the source of its authority to substitute Rhonda for Jody as trustee. Moreover, in none of its orders did the court dissolve the trust; instead, the court acknowledged section 4.26 potentially authorized the trustee to terminate this trust. The trust remained intact even after the March 16, 2011, clarified order. Accordingly, the trial court did not err in the way Jody alleges.

¶ 21                              III. CONCLUSION
¶ 22    For the foregoing reasons, we affirm the trial court's judgment.

¶ 23    Affirmed.