**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2023 IL App (3d) 200271-U

Order filed May 9, 2023

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2023

| | | |
|---|---|---|
| IN THE MATTER OF THE DONALD LEE ROPP, SR. LIVING TRUST, under agreement dated May 19, 2016 | ) ) ) ) | Appeal from the Circuit Court of the 14th Judicial Circuit, Henry County, Illinois. |
| (Larry L. Ropp, as Trustee of THE DONALD LEE ROPP, SR. LIVING TRUST, under agreement dated May 19, 2016, | ) ) ) ) | Appeal Nos. 3-20-0271, 3-20-0272, 3-20-0273, 3-20-0274, 3-20-0275, 3-20-0276 |
| Petitioner-Appellant, | ) ) | Circuit Nos. 19-CH-57, 17-P-117, 20-P-8, 20-P-7, 19-P-114, 17-CH-27 |
| Donald L. Ropp, Jr. and Sena Ropp, | ) ) | The Honorable Mark A. VandeWiele, |
| Respondents-Appellees). | ) | Judge, Presiding. |

_____

JUSTICE McDADE[1] delivered the judgment of the court.
Justices Albrecht and Davenport concurred in the judgment.

_____

**ORDER**

¶ 1    *Held*:    The trial court had jurisdiction to enter its July 20, 2020, order, clarifying a prior ruling. We also uphold the July 20 order on its merits because appellant Raymond L. Ropp has failed to offer a valid legal basis for overruling the order after he was removed as trustee.

_____

[1] This case was administratively reassigned to Justice McDade on December 19, 2022.

¶ 2    This interlocutory appeal arises out of a family's protracted litigation over the living trust of Donald Ropp, Sr. The underlying cases were consolidated in the trial court. In this appeal, a former trustee of the trust, Raymond L. Ropp, contends that the trial court lacked jurisdiction to enter an order clarifying a prior ruling and that the clarification was legally erroneous on its merits. After reviewing the appeal in light of one of our recent decisions in this case, we affirm the trial court's clarification order.

¶ 3                                I. BACKGROUND

¶ 4    In an unpublished decision, this court recently recited the lengthy and complex factual and procedural history leading up to the June 24, 2020, decision of the Henry County circuit court to remove Raymond L. Ropp as the trustee of the living trust created by his father, Donald Ropp, Sr. (Don Sr.), due to Raymond's material breach of duty. *Ropp v. Ropp*, 2023 IL App (3d) 200227-U, ¶¶ 4-20. Accordingly, we need not restate the case's extensive history in its entirety.

¶ 5    For purposes of this appeal, it is sufficient to note that the underlying proceedings involve a highly contentious family dispute over the control and construction of Don Sr.'s trust after his death. Those cases implicate the interests of Don Sr.'s now-deceased wife, Reba F. Ropp, as well as his four adult children, Donald Ropp, Jr. (Don Jr.), Sena Ropp, Larry L. Ropp, and Raymond L. Ropp, who were all named as beneficiaries of the trust.

¶ 6    After a lengthy hearing, the trial court removed Raymond as trustee on June 24, 2020, finding that he had improperly " 'failed to provide an accounting as required by statute, the terms of the trust, and the order of this court,' " despite roughly $250,000 in cash remaining unaccounted for, an outstanding debt of $40,000 in legal fees, and no mention of Raymond's personal debt to Don Sr. *Id.* ¶ 17. The order concluded that Raymond " 'is incapable of being

impartial as required by 760 ILCS 3/803 causing him to materially fail in his fiduciary duties.' " *Id.* ¶ 18. The court named Blackhawk State Bank as successor trustee and a retired Rock Island circuit court judge as alternate successor trustee. In addition, the trial court retained jurisdiction to appoint another successor trustee, if necessary. Finally, Raymond was ordered to file a written accounting with the court to conclude his duties as trustee.

¶ 7        Prior to his June 24 removal, Raymond had filed a number of appeals in his official capacity as trustee, and several of those appeals remained pending at the time of Raymond's removal. On June 30, the respondents in the instant appeal[2] filed a "Joint Motion for Clarification" of the court's June 24 removal order, seeking to address the scope of Raymond's continuing authority to participate in the pending appeals. The joint motion noted that Raymond had filed an interlocutory appeal immediately after the entry of the June 24 removal order in which he argued both that the trial court lacked jurisdiction to enter the order and that the ruling was wrongly decided on its merits.

¶ 8        The June 24 order stated that Raymond "has authority to pursue matters currently on appeal but is prohibited from using trust assets to fund said appeal." To address questions that arose after the entry of that order, the responding parties filed their joint motion, requesting "clarification as to the capacity in which Raymond and [his counsel] may continue to pursue *pending appeals*." (Emphasis in original.) Specifically, the joint motion sought to clarify: (1) whether the June 24 order "authorizes Raymond to pursue pending and future appeals only in his individual capacity and not as Trustee, now removed;" (2) "whether all appeal determinations relative to the Trust are the dominion of the post-Raymond Trustee;" and (3) "whether only the

---

[2] For purposes of this appeal, the respondents are Donald L. Ropp, Jr., Sena M. Ropp, and Donald E. Mortenson, Jr., as executor of the Estate of Reba F. Ropp.

post-Raymond Trustee is authorized to engage Califf & Harper, P.C. as counsel for the Trust and until the post-Raymond Trustee takes affirmative steps to do so whether Calif & Harper, P.C. is barred from engaging in any further representation of the Trust."

¶ 9     On July 20, 2020, the trial court issued an order clarifying that Raymond could pursue pending appeals in his individual name only; he could not pursue those appeals as the trustee of Don Sr.'s trust. Although Raymond challenged both the trial court's June 24 and July 20 orders, his 38-page notice of appeal in the instant case involves only the July 20 order.

¶ 10                                    II. ANALYSIS

¶ 11    Raymond presents three issues on appeal: (1) whether the trial court had jurisdiction to enter the July 20 order clarifying its June 24 order removing Raymond as trustee; (2) whether the July 20 order erroneously barred Raymond from pursuing pending trust appeals as trustee, asserting that he could participate only in his individual capacity; and (3) if this court resolves the appeal in Raymond's favor, whether all further proceedings in the ongoing litigation should be reassigned to a different judge of the Henry County circuit court.

¶ 12                                   A. Jurisdiction

¶ 13    We review *de novo* the question of whether the trial court had jurisdiction to issue its July 20 order. *In re John C.M.*, 382 Ill. App. 3d 553, 558 (2008). Critically, this court recently decided a closely related question: whether the trial court had jurisdiction to enter its June 24 order removing Raymond as trustee. *Ropp*, 2023 IL App (3d) 200227-U. In our unpublished order upholding the June 24 ruling, we conducted an extensive review of the parties' jurisdictional arguments, arguments that are largely renewed in the instant appeal.

¶ 14    Raymond makes two primary jurisdictional arguments here. First, he contends that the trial court improperly asserted its jurisdiction based on other cases filed during this protracted

4

litigation. More specifically, he contends the trial court cannot assert jurisdiction based on prior proceedings in: (1) a lawsuit filed by Don Jr. in March 2017, seeking a temporary restraining order and preliminary injunction; (2) an action Raymond filed seeking judicial confirmation of the special co-trustee's findings, including the conclusion that Don Jr., Sena, and Reba's estate were all disinherited pursuant to the terms of Don Sr.'s trust; and (3) four other probate and adult guardianship matters filed during the course of this litigation. In the alternative, Raymond asserts that the existence of pending appeals filed by the trust divested the trial court of any jurisdiction it may have possessed.

¶ 15        In our recent unpublished order addressing the propriety of the June 24 removal order, we declined to adopt very similar arguments, holding that the trial court both possessed subject-matter jurisdiction over the case and had not been divested of that jurisdiction by a pending appeal. *Id.* ¶¶ 27, 32. As we explained, the trial court retained jurisdiction during the pendency of the appeal "to hear and decide other collateral or supplemental issues, including the removal of Raymond as trustee." *Id*. ¶ 32. Our analysis and holdings in that decision apply equally here under the law of the case doctrine.

¶ 16        " 'The law of the case doctrine generally bars relitigation of an issue previously decided in the same case. *People v. Tenner*, 206 Ill. 2d 381, 395 [276 Ill. Dec. 343, 794 N.E.2d 238] (2002). Thus, the determination of a question of law by an appellate court in the first appeal may be binding on the court in a second appeal. *Krautsack v. Anderson*, 223 Ill. 2d 541, 552 [308 Ill. Dec. 302, 861 N.E.2d 633] (2006).' " *People v. Coty*, 2020 IL 123972, ¶ 20 (quoting *People v. Sutton*, 233 Ill. 2d 89, 100 (2009)). Because our prior decision rejected Raymond's jurisdictional arguments and held that the trial court had jurisdiction to remove Raymond as trustee on June 24, we are bound by that holding as the law of this case.

¶ 17    Because we have not previously considered the question of whether Raymond's appeal of the trial court's June 24 removal order divested that court of jurisdiction to enter its July 20 order, we now apply the same analytical framework used in our prior decision. As we explained there, " 'the trial court retains jurisdiction on matters collateral or supplemental to the judgment.' *In re N.L.*, 2014 IL App (3d) 140172, ¶ 23. 'Collateral or supplemental matters include those lying outside the issues in the appeal or arising subsequent to delivery of the judgment appealed from.' *Town of Libertyville v. Bank of Waukegan*, 152 Ill. App. 3d 1066, 1073 (1987)." *Ropp*, 2023 IL App (3d) 200227-U, ¶ 30.

¶ 18    We begin our analysis by examining the scope of the trust's appeal from the June 24 removal order, concluding that the appeal challenged only the propriety of Raymond's removal. Next, we consider whether the trial court's July 20 order involved "matters collateral or supplemental to the" propriety of the removal order. *In re N.L.*, 2014 IL App (3d) 140172, ¶ 23. If so, the trial court retained jurisdiction to enter the July 20 order during the pendency of the June 24 appeal. *Ropp*, 2023 IL App (3d) 200227-U, ¶ 30.

¶ 19    In the June 24 appeal, our review was limited to the trial court's jurisdiction and whether the removal order was an abuse of its discretion. *Id.* ¶¶ 29, 39. We upheld both the trial court's jurisdiction and Raymond's removal after determining that the evidence supported the court's factual findings that Raymond " 'materially breached his duty to account under 760 ILCS 3/813.1 [760 ILCS 3/813.1 (West 2020)]' and 'is incapable of being impartial as required by 760 ILCS 3/803 [760 ILCS 3/803 (West 2020)] causing him to materially fail in his fiduciary duties.' " *Id.* ¶ 40. Thus, the only matters addressed in the June 24 appeal related directly to the propriety of the removal order. Those matters, however, are far different from the one addressed in the trial court's July 20 order.

6

¶ 20    The July 20 order did not reexamine or alter the removal order, which simply addressed Raymond's status as trustee. Rather, it resolved questions that arose between the parties subsequent to the entry of that order. Those questions involved the effects that Raymond's removal had on his participation in the ongoing trial and appellate proceedings, issues not addressed in the June 24 appeal. " '[O]rders entered after the filing of the notice of appeal are valid if the substantive issues on appeal are not altered so as to present a new case to the reviewing court. *R.W. Dunteman Co.*, 181 Ill. 2d at 162.' " *Id.* ¶ 31. We conclude that the July 20 order supplemented, rather than supplanted, the June 24 removal order.

¶ 21    Because trial courts retain " 'jurisdiction on matters collateral or supplemental to the judgment' " on appeal (*id.* ¶ 30 (quoting *In re N.L.*, 2014 IL App (3d) 140172, ¶ 23)), we hold that the trust's appeal of the June 24 removal order did not divest the trial court of jurisdiction to enter its supplemental order on July 20.

¶ 22                              B. Propriety of the July 20 Order

¶ 23    Raymond next argues that the respondents' " 'Joint Motion for Clarification of Court Order' in reality requests an injunction against Raymond regarding his ability to exercise his appeal rights as to the Circuit Court's May 26, 2020 and June 24, 2020 Orders, in his capacity as Trustee." This court's recent decision affirming the trial court's June 24 removal order once again provides valuable guidance for our review.

¶ 24    Because this court upheld Raymond's removal as trustee, he is no longer the trustee of the Don Sr. trust, as a matter of law. The pending appeals Raymond cites were undoubtedly brought in his official capacity as trustee, not in his individual capacity. He has failed to present this court with any argument asserting that he should be permitted "to exercise his appeal rights *** in his capacity as Trustee" after he no longer was entitled to perform the functions of that

7

role. It is indisputable that he no longer possesses the "capacity as Trustee" that is vital to his argument because he no longer embodies the role of trustee and has lost all authority to perform its associated functions. If Raymond wishes to continue his pursuit of the pending appeals, he may seek to participate in his individual capacity, as suggested in the trial court's July 20 order. Because Raymond has failed to offer any legal basis for disturbing the July 20 order in light of his removal as trustee, we affirm that judgment.

¶ 25                    III. CONCLUSION

For the reasons stated, we affirm the Henry County circuit court's July 20, 2020, judgment, clarifying Raymond's participation in the then-pending proceedings. Because we uphold the trial court's jurisdiction, findings, and conclusions, we need not address the merits of Raymond's claim that all subsequent proceedings should be reassigned to another judge of the Henry County circuit court due to the present judge's "deep seated antagonism toward" him.

¶ 26        Affirmed.